UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW M. SHELBY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-07-2145 |
| | § | |
| PODS, INC., A/K/A PORTABLE ON DEMAND STORAGE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

This consumer dispute is before the court on defendant Pods, Inc.'s motion to dismiss for failure to state a claim (Dkt. 6) and motion to dismiss or transfer venue (Dkt. 7).[1] Having considered the parties' submissions and the law, the court concludes that this case should be transferred to the United States District Court for the Southern District of Florida. In light of this ruling, there is no need to address defendant's 12(b)(6) motion.

**I.    BACKGROUND**

Plaintiff Matthew Shelby is currently a resident of Harris County, Texas. Defendant Pods, Inc. is a Florida corporation with its principal place of business in Clearwater, Florida. Shelby contracted with Pods in late 2002 or early 2003 to deliver a storage "pod" to his then-residence in Florida. Pods delivered an 8 x 8 x 16 container consisting of approximately 960

---

[1] The parties have consented to the jurisdiction of this magistrate court for all purposes (Dkt. 17).

square feet of storage space to Shelby. After Shelby loaded his personal belongings into the container, Pods picked it up and delivered it to its Fort Lauderdale, Florida facility for storage. Thereafter, Shelby moved to Tennessee, and then to Texas. On or around July 7, 2003, Pods sold Shelby's personal belongings that were being stored in the Pods container. Shelby learned of the sale in late October 2003. Shelby has sued Pods for damages on theories of conversion, violation of the Florida Self Storage Act, breach of a bailment agreement, negligence, intentional and negligent infliction of emotional distress, violations of the Florida Deceptive and Unfair Trade Practices Act, violations of the Tennessee Consumer Protection Act of 1977, fraudulent and negligent misrepresentation, conspiracy, and equitable estoppel.

II.     **LEGAL STANDARDS**

A motion to dismiss a case for improper venue is governed by 28 U.S.C. § 1406(a), which provides "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) applies only to a case filed in an improper venue. *Time, Inc. v. Manning*, 366 F.2d 690, 698 n.12 (5th Cir. 1966). Venue for cases based on diversity jurisdiction is governed by 29 U.S.C. § 1391(a). Venue lies in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). A defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

A motion to transfer venue for the convenience of witnesses and the parties, in the interest of justice, is governed by 28 U.S.C. § 1404(a). The Fifth Circuit has very recently clarified its admittedly conflicting precedents regarding the standard for transfer of cases pursuant to § 1404(a). *In re Volkswagen of America, Inc.*, No 07-40058, 2007 WL 3088142 (5th Cir. Oct. 24, 2007). The preliminary question for the court considering change of venue under § 1404(a) is whether the suit could have originally been filed in the forum being considered for transfer. *Id.* *3.

The court next considers several private and public interest factors, none of which are dispositive. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Id.*

A party seeking transfer must show "good cause," which means that transfer is for "the convenience of parties and witnesses, in the interest of justice." *Volkswagon* reiterates that a plaintiff's choice of forum is one of the several factors to be considered under the § 1404(a) venue transfer analysis. *Id.* When the transferee forum is no more convenient that the plaintiff's chosen forum, the motion to transfer should be denied. When the transferee forum is clearly more convenient, a transfer should be ordered. *Id.* \*7.

### III.   ANALYSIS

#### A.   Section 1406(a) Motion to Dismiss

Pods does not contest personal jurisdiction in this district. Venue is proper in this district pursuant to § 1391(a)(1). Therefore, Pods motion to dismiss pursuant to § 1406(a) must be denied.

#### B.   Section 1404(a) Motion to Transfer Venue

There is no dispute that this case could have been filed in the Middle or Southern District of Florida, where Pods resides. The court must analyze the private and public interest factors identified above in light of the facts of record in order to determine whether Pods has shown good cause to transfer this case to one of those districts.

##### 1.   Private Interest Factors

4

***The relative ease of access to sources of proof***. Neither side provides evidence regarding the accessibility of documents and sources of proof. Because Pods is a Florida corporation, and the transaction at issue in this case took place in Florida, it is likely that Pods's records are all located in Florida. To the extent Shelby has possession of records, the court assumes those are in Texas. It is unknown to the court where the bank or credit card records that are relevant to Shelby's payment history are located. This factor is basically neutral in the convenience analysis.

***The availability of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses.*** Pods has identified two potential third party witnesses whose attendance at trial may need to be compelled: Michelle Longerbean, Shelby's ex-girlfriend, who lives at the location in the Southern District of Florida where the container was loaded, and Ben Honoran, a Florida resident who purchased the contents of the container. Pods has further identified 16 potential witnesses who reside in the Fort Lauderdale area in the Southern District of Florida, and 18 potential witnesses who reside in the Clearwater area in the Middle District of Florida, all of whom are Pods employees. Plaintiff has identified only himself as a potential witness.

While it is unclear whether Honoran is subject to compulsory attendance in the Middle or Southern District of Florida, it is clear that neither he nor Longerbean is subject to the subpoena power of this court. Travel between the Middle District and Southern District of Florida is undeniably faster and cheaper than travel between Florida and Texas. Thus, this

5

factor clearly weighs in favor of transfer from the Southern District of Texas, although it may be neutral as between the Middle or Southern District of Florida.

***All other practical problems that make trial of a case easy, expeditious and inexpensive.***  Other than the location of witnesses, Pods has not identified any practical problems that will make trial of this case easier, more expeditious, and less expensive in Florida versus Texas.  This factor is neutral in the court's analysis.

### 2.    Public Interest Factors

***The administrative difficulties flowing from court congestion.***  There is no evidence before the court indicating that court congestion in any of the suggested forums would substantially delay trial of this action.  This factor is neutral.

***The local interest in having localized interests decided at home.***  A component of the "localized interest" public interest factor is the place of the alleged wrong. *In re Volkswagen*, 2007 WL 3088142, at *9 n.7.  Pods is a Florida corporation with its headquarters in the Middle District of Florida.  The Pods representatives who contracted with Shelby on behalf of Pods and dealt with Shelby's account are located in that district.  The container was delivered to, loaded in, and stored in the Southern District of Florida, and the court assumes that the auction also took place there.  The only connection to this district is that Shelby currently lives here, although it appears from the allegations in his complaint (Dkt. 1, ¶¶ 9-11) that he lived in Tennessee at the time of contracting and at the time of the sale of his

property. The court finds that the Southern District of Florida has the strongest local connection to this lawsuit. This factor weighs heavily in favor of transfer.

***The familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws or the application of foreign law.*** Shelby makes claims based on violations of Florida and Tennessee statutes, and common law claims that are most likely governed by Florida law. The United States district courts of Florida undoubtedly have more familiarity with most of the substantive law that governs this case than this court. This factor weighs heavily in favor of transfer.

### 3.     Plaintiff's Choice of Forum

Shelby argues that controlling weight should be given to his choice of forum, and that a transfer would only shift more expenses to him, the party who can least afford it. The Fifth Circuit has made clear in *In re Volkwagen* that a plaintiff's choice of forum is *not* entitled to controlling weight in the transfer analysis. Where the defendant shows that public and private interest factors weigh in favor of transfer, good cause exists for transfer despite plaintiff's choice of forum. Only where all other factors are neutral does plaintiff's choice of forum tip the scales in favor of denying transfer. *In re Volkswagen*, 2007 WL 3088142, *7. Here, the factors clearly weigh in favor of transfer to Florida. As between the Middle and Southern Districts of Florida, the balance of all interests favors the Southern District.

## IV.     CONCLUSION

For the reasons discussed above, the court ORDERS that Pods's motion to transfer (Dkt. 7) is granted. It is further ORDERED that this case be transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Signed at Houston, Texas on November 15, 2007.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge